SUMMARY ORDER
Plaintiff-Appellee Scott Singleton is a former corrections officer who, while employed by Defendant-Appellant City of New York, attracted the attention of one of his work superiors, Robin Walker. Walker made repeated sexual advances towards Singleton at work, threatened Singleton when he spurned those advances, and called and sent a letter to Singleton’s then-girlfriend — the mother of Singleton’s child — alleging in graphic terms that Singleton had been unfaithful. Singleton and his girlfriend thereafter broke up, and he became depressed at work. Singleton subsequently sued Walker, the City of New York, and various employees of the City. Following a five-day trial, a jury awarded Singleton $1 million in damages on his claim that he had been subjected to a hostile work environment on account of his sex. The United States District Court for the Southern District of New York (Ra-koff, J.) rejected the City’s motions for judgment as a matter of law or for a new trial. The District Court did, however, reduce the damages award to $300,000. The City appeals, arguing, inter alia, that it is entitled to judgment as a matter of law because there was not sufficient evidence to establish a hostile work environment.
To state a Title VII claim based on a hostile work environment, a plaintiff must plead facts tending to show that the complained of conduct: “(1) is objectively severe or pervasive — that is, ... creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiffs sex.” Patane v. Clark, 508 F.3d 106, 113 (2d Cir.2007) (per curiam) (quotation marks omitted). “Judgment as a matter of law may not properly be granted under Rule 50 unless the evidence, viewed in the light most favorable to the opposing party, is insufficient to permit a reasonable juror to find in [his] favor.” Galdieri-Ambrosini v. Nat’l Realty & Dev. Corp., 136 F.3d 276, 289 (2d Cir.1998). Reviewing de novo the District Court’s denial of the City’s post-verdict motion for judgment as a matter of law, and applying the same standards as the District Court, Madeira v. Affordable Hous. Found., 469 F.3d 219, 226-27 (2d Cir.2006), we conclude that the evidence was sufficient to support the jury’s conclusion that Singleton faced a hostile work environment. And for substantially the same reasons as it did not err in granting the City’s motion for judgment as a matter of law, the District Court also did not abuse its discretion in denying the City’s motion for a new trial.
The City nonetheless argues that it is entitled to a further reduction in damages. New York law requires that a court grant *523 remittitur when a jury award “deviates materially from what would be reasonable compensation.” N.Y. C.P.L.R. 5501(c) (McKinney 2008). See Patterson v. Balsamico, 440 F.3d 104, 119 (2d Cir.2006); Meacham v. Knolls Atomic Power Lab., 381 F.3d 56, 78 (2d Cir.2004), vacated on other grounds sub nom KAPL, Inc. v. Meacham, 544 U.S. 957, 125 S.Ct. 1731, 161 L.Ed.2d 596 (2005). Under federal law, “primary responsibility for application of § 5501(c)’s ‘deviates materially1 check” is “lodge[d] in the district court, not the court of appeals.” Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 438, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996). “This Court’s function upon review of the district court’s decision is limited to determining whether the district court abused its discretion.” Patterson, 440 F.3d at 120. In the particular circumstances presented in this case, we cannot conclude that the District Court’s refusal to lower the damages award was an abuse of discretion.
We have considered all of Singleton’s claims, and find them to be meritless.
Accordingly, we AFFIRM the decision of the District Court.